**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THINKING SUNSHINE, LLC,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-656**
**Judge Douglas R. Cole**
**Magistrate Judge Kimberly A. Jolson**

**ISRAEL DURAN, et al.,**

**Defendants.**

**OPINION & ORDER**

Before the Court is Plaintiff Thinking Sunshine, LLC's Motion for Leave to Amend. (Doc. 28). For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

This case is about an alleged fraud. As told by the complaint, in June 2025 Sunshine Steele—a principal for Plaintiff—answered a social media "solicitation" posted by Defendant Isreal Duran about an online seminar. (Doc. 3 at ¶ 21–22). After the online seminar, Plaintiff says Duran next "solicited" Steele to attend an in-person workshop and subsequently "induced her" enter into a contract with himself and one of his entities, Kingdom Business Group, LLC ("KBG"). (*Id.* at ¶¶ 23–25). The contract provided that Plaintiff would pay Duran and KBG $100,000 in exchange for a one-day event and "purported development, branding, marketing, business infrastructure, and related advisory services." (*Id.* at ¶¶ 25, 54 (alleging Defendants promised to "launch, grow, and monetize the Thinking Sunshine Brand")). Following execution of the contract, however, Defendants did not provide the promised services. (*Id.* at ¶¶ 26–32). Plaintiff also discovered that Defendants "disclosed" its private information to third parties and that unauthorized recurring charges were made on Plaintiff's credit card. (*Id.* at ¶¶ 32–43). The

charges were associated with Defendant Hacked Solutions, LLC—which Plaintiff alleges is another entity owned by Duran. (*Id.*).

In January 2026, Plaintiff notified Defendants that it was terminating the contract in good faith. (*Id.* at ¶ 44). It demanded a final accounting of the money it provided to support development services. (*Id.* at ¶ 45). In response to Plaintiff's termination, Defendants sent a "Project Completion Summary w/Deliverables" document. (*Id.* at ¶ 48). But Plaintiff says they did not complete any of the items outlined in the summary. (*Id.* at ¶ 49). Then, Defendants claimed Plaintiff owed ongoing monthly payments of $7,500 under the contract. (*Id.* at ¶¶ 51–52). Plaintiff further alleges another entity owned by Duran, Defendant Isreal Duran & Associates, LLC ("IDA"), was used to exercise control over Plaintiff's "developing websites, funnels, online accounts, and digital business assets without providing Plaintiff operational control, transparency, finalized transfer procedures, or completed the collaborative approval process." (*Id.* at ¶ 69). For Defendants' alleged actions, Plaintiff brings nine claims, including but not limited to breach of contract, unjust enrichment, fraudulent misrepresentation, and civil conspiracy. (*See generally id.*).

After Defendants filed a partial motion to dismiss (Doc. 20), the Court issued a scheduling order. The order required the parties to file any motions to join parties or motions to amend the pleadings by September 15, 2026. (Doc. 24). On that day, Plaintiff filed a Motion for Leave to Amend. (Doc. 28). The amendment "provides additional details" about the events at issue, adds intellectual property-related claims, drops the civil conspiracy claim, and joins another Plaintiff—Eternal Sunshine Ministries. (*Id.* at 2). Defendants oppose. (Doc. 29). This matter is ready for consideration. (Docs. 28, 29, 30).

## II. STANDARD

Under Rule 15, when a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation modified).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

## III. DISCUSSION

As noted, Plaintiff seeks to add factual allegations, intellectual property-related claims, and another Plaintiff to its pleading, as well as to drop the civil conspiracy claim. (Doc. 28). It submits that the new allegations are properly supported, Defendants will not be prejudiced, and the amendment is made without delay in good faith. (*Id.*). Defendants counter that they would be prejudiced by the amendment, that the amendment was unduly delayed, and that the amendment is futile. (Doc. 29). The Court ultimately finds that the amendment should be permitted.

**A. Prejudice**

To begin, Defendants assert that they would be prejudiced by an amendment both because of the resources they spent in briefing a partial motion to dismiss and because Plaintiff's amendment "materially expands this action." (Doc. 29 at 4–5).

Up front, courts have found the existence of a fully briefed pleadings motion an insufficient reason to deny amendment. *See, e.g.*, *Bear v. Delaware Cnty.*, No. 2:14-CV-43, 2015 WL 1954451, at *2 (S.D. Ohio Apr. 28, 2015) (finding prejudice adequately addressed by the party re-filing their existing brief in conjunction with a short supplement); *City of Gallatin v. Gallatin Data Centers, LLC*, No. 3:24-CV-00868, 2025 WL 4663941, at *5 (M.D. Tenn. Apr. 14, 2025) (noting that the fact a pending motion for judgment on the pleadings must be refiled following amendment "is simply a function of the rules and does not standing alone without other aggravating circumstances constitute sufficient prejudice to deny a motion for leave to amend"). Though Defendants may have preferred that Plaintiff seek leave to amend before the motion to dismiss was fully briefed, neither the scheduling order nor the Federal Rules require that procedural sequence. Simply put, addressing an amendment following motions practice is not unduly prejudicial by itself. This is especially true in light of the Court's ability to minimize prejudice with the procedure outlined below.

Even more, that the proposed amendment would add factual allegations, claims, and parties also does not necessarily mean Defendants will be unduly prejudiced. As Defendants submit, courts have found no undue prejudice resulting from an amendment that does not add new claims. *See Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) (finding no significant prejudice would result in part because "the plaintiffs' proposed second amended complaint does not add new substantive claims or overhaul plaintiffs' theory of the case"); *Cox v. Cupertino Elec., Inc.*, No.

2:25-CV-1230, 2026 WL 1155988, at *4 (S.D. Ohio Apr. 29, 2026) (finding prejudice minimal in part because "the Amended Complaint does not make substantial changes such as adding a new party or new claims"). But it does not follow that a proposed amendment which adds claims or parties is inevitably unduly prejudicial. Rather, courts have found prejudice under such circumstances when parties would be required to reopen discovery, repeat discovery already completed, engage expansive and costly discovery close to the discovery deadline, or postpone trial to accommodate the amendment. *See, e.g.*, *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Grubbs v. Smith & Nephew, Inc.*, No. 1:19-CV-248, 2021 WL 12312797, at *2 (S.D. Ohio Dec. 14, 2021); *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 12717971, at *3 (S.D. Ohio Aug. 19, 2014); *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 426–27 (E.D. Ky. 2014). None of those concerns are implicated here. Formal discovery has not occurred (Doc. 30 at 1), the discovery deadline is months away (Doc. 24), and the Court has not set a trial date. This case is still, procedurally, in its early stages, and little—if any—delay will result from an amendment.

In the end, even if Defendants will face some prejudice by virtue of an amendment, they have not shown that prejudice will be undue. For this reason, the Court finds prejudice an inadequate reason to deny Plaintiff's Motion.

**B. Undue Delay**

Next, Defendants argue that Plaintiff's proposed amendment was unduly delayed. (Doc. 29 at 6–9). In its Motion, Plaintiff submits that the new allegations became known after its "continued investigation of Defendants' handling of the shared-drive materials, Defendants' continued operation or control of the challenged websites, and Plaintiffs' confirmation and

identification of intellectual-property rights." (Doc. 28 at 3–4). Defendants call foul on this explanation because none of these facts are "new."

Defendants point out that parts of Plaintiff's proposed pleading discuss shared drive activities that happened before she filed this case and other parts concern a website that Plaintiff cited to extensively in the original complaint. (Doc. 29 at 6 (citing Doc. 28-1 at ¶¶ 63, 66–68, 72–73, 225–26)). Therefore, related facts cannot be newly discovered, and Plaintiff should have included these allegations in the original complaint. (*Id.* (citing *Kendle v. Whig Enters.*, LLC, No. 2:15-CV-1295, 2017 WL 2457144 (S.D. Ohio June 7, 2017)). Defendant also flags that Plaintiff does not explain why it seeks to add a new party this late in the game. (*Id.* at 7).

"Ordinarily, delay alone, does not justify denial of leave to amend." *Morse*, 290 F.3d at 800. Delay becomes "undue" when it "place[s] an unwarranted burden on the court." *Id.* (citation omitted); *cf. Duggins*, 195 F.3d at 835 (finding undue delay where the plaintiff missed deadlines and was aware of the basis for the claim for "many months"). Here, the Court is satisfied by Plaintiff's explanation that the delay is ordinary rather than undue. Plaintiff clarifies that many of the new allegations specific to its copyright claims hinge on three U.S. Copyright Office decisions that were issued in early September. (Doc. 30 at 3; *see also* Doc. 28-1 at 73–87). Given this timing, it was unable to allege these claims sooner. *Cf. Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019) ("Under § 411(a), 'registration ... has been made,' and a copyright owner may sue for infringement, when the Copyright Office registers a copyright.").

This explanation does not cover every newly alleged fact, as Plaintiff admits, or make clear why a new party is being added at this stage. In other words, Plaintiff likely could have brought some of its newly proposed allegations in its original complaint, or at least sought leave to amend earlier. Still, there is no "bright-line rule that a lengthy delay equates to an unwarranted delay,"

and "even when delay is 'unduly' long, that alone may not suffice to deny a motion for leave under Fed. R. Civ. P. 15" without more. *Abner v. Convergys Corp.*, No. 1:18-CV-442, 2021 WL 9056617, at *2–3 (S.D. Ohio Apr. 7, 2021) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). There is no "more" here. As noted above, Plaintiff's Motion was filed before the deadline set by the scheduling order, discovery is not closed, the parties have not engaged in substantial discovery, and the summary judgment deadline has not passed. *Cf. Gutierrez v. Reichert Excavating, Inc.*, No. 2:11-CV-396, 2013 WL 12178116, at *1 (S.D. Ohio Feb. 20, 2013) (collecting cases finding undue delay where leave to amend was sought after or right before dispositive motions deadlines). Nor will amendment place an unwarranted burden on the Court.

After considering all the circumstances, the Court does not find that Plaintiff's motion for leave was unduly delayed either by virtue of its timing or the amendment's contents. Rather, justice in this instance favors granting Plaintiff leave to amend.

### C. Futility

Finally, Defendants contend the proposed amendment does not cure several deficiencies alleged in their motion to dismiss. (Doc. 29 at 9–11). In essence, they argue that portions of the amendment would be futile.

At this stage, the Undersigned must determine only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, No. 2:14-cv-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (discussing that courts will not "ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous"). On its face, Plaintiff's proposed amended complaint clears this low hurdle. Further evaluating Defendants' arguments would require the Undersigned to address the merits of

Plaintiff's claims. *Moraine Prop., LLC v. Ethyl Corp.*, No. 3:07-cv-229, 2009 WL 10679543, at *1 (S.D. Ohio June 22, 2009) (noting procedural complications that arise when parties raise futility arguments for a magistrate judge's ruling). The better course is to permit amendment and allow Plaintiff's claims to be tested on dispositive motions before the District Judge. *Bear*, 2015 WL 1954451, at *3 (saying "it is the better exercise of discretion to permit the amendment" and allow the parties to brief motions to dismiss); *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (noting the Court "has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed").

Relatedly, Defendants argue that the Court should still decide their pending Motion to Dismiss. (Doc. 29 at 11–12). They say that because the same alleged defects exist in both the original complaint and the proposed amendment, requiring them to "refile materially identical arguments" in a new motion to dismiss is not economical. (*Id.*); *see G.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-2682, 2023 WL 5018562, at *1 (S.D. Ohio Aug. 7, 2023) ("[C]ourts may still consider a motion to dismiss filed prior to an amended complaint where the amended complaint is 'substantially identical to the original complaint[.]'"). They ask that the Court permit supplemental briefing to the Motion to Dismiss concerning the new allegations rather than mooting out the Motion. (Doc. 29 at 11–12). Plaintiff is amendable to this course of action. (Doc. 30 at 7).

Given the parties' agreement and the similarity between the original complaint and the amendment, the Court will construe Defendants' Partial Motion Dismiss (Doc. 20) and related briefing as directed at the materially unchanged claims and allegations in the First Amended Complaint. If Defendants intend to file a supplemental motion to dismiss addressing the new or

altered claims and allegations, the supplemental motion must be filed by November 10, 2026. Plaintiffs' response is due November 24, 2026. Any reply is due December 1, 2026.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend. (Doc. 28). Plaintiff is **ORDERED** to file a clean copy of the First Amended Complaint, along with all exhibits, to the docket by October 27, 2026. The Court also **SETS** the above briefing schedule for any supplemental motion to dismiss.

IT IS SO ORDERED.

Date: October 22, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE